UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16 (03/09/15)
JS-6

CIVIL MINUTES - GENERAL

| Case No. | ED CV 14-2455 PSG (PLAx) | Date | March 4, 2015 |
|---|---|---|---|
| Title | Mary Herrera, *et al.* v. U.S. Bank Home Mortgage, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Motion to Remand

Before the Court is Plaintiffs Mary Herrera and Michelle Herrera's ("Plaintiffs") motion to remand to state court.  *See* Dkt. # 16.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court GRANTS the motion.

I.   Background

Plaintiffs filed a case against Defendant U.S. Bank Home Mortgage ("Defendant") on May 1, 2014, in Riverside County Superior Court, which was removed to this Court by Defendant and later dismissed by Plaintiffs.  Plaintiffs then filed this case against Defendant in Riverside County Superior Court, on October 9, 2014, asserting claims for (1) violation of California Civil Code § 2923.4, § 2923.55, and § 2924 *et seq.*; (2) intentional misrepresentation; (3) violation of California Business & Professions Code § 17200, *et seq.*; (4) breach of the covenant of good faith and fair dealing; and (5) promissory estoppel.  *Compl.* ¶¶ 28-69; *Notice of Removal* at 9.  Plaintiffs seek a "combined total recovery from all causes of action and all manner of recovery" of no more than a total of $75,000.  *Id*. ¶ 36.  Defendant filed a notice of removal on November 26, 2014 on the basis of diversity jurisdiction, arguing that Plaintiffs' attempt to limit their damages is a sham and that Plaintiffs' combined total recovery sought far exceeds $75,000.  *Notice of Removal* 3:8-5:15.  On January 6, 2015, Plaintiffs moved to remand this case to Riverside County Superior Court, arguing that they had properly limited all potential recover to below the jurisdictional amount; therefore, this Court did not have jurisdiction.  Dkt. # 16.

II.   Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.  For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16 (03/09/15)
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2455 PSG (PLAx) | Date | March 4, 2015 |
|---|---|---|---|
| Title | Mary Herrera, *et al.* v. U.S. Bank Home Mortgage, *et al.* | | |

parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a).

If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id*.

Plaintiffs are "master[s] of [their] complaint." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). As such, plaintiffs who wish to avoid federal jurisdiction "may resort to the expedient of suing for less than the jurisdictional amount, and though [plaintiff] would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1983). However, after removal, a plaintiff cannot, by stipulation, affidavit, or amendment, divest the district court of jurisdiction by reducing his or her claim. *Id*. at 292.

III.     Discussion

Defendant argues that federal jurisdiction exists on the basis of diversity jurisdiction, asserting that there is complete diversity between the parties. *Notice of Removal* 3:1-7. Defendant, a national bank, is a citizen of Ohio, where its main office is located. *Id.* 3:3-7. Plaintiffs are residents of California, but their citizenship is not asserted by either party. Without knowing the citizenship of Plaintiffs, the Court cannot assess whether there exists complete diversity between the parties.

Defendant also asserts that federal jurisdiction exists because the amount in controversy requirement is satisfied. *Id*. 3:8-22. Defendant argues that Plaintiffs' limitation on recovery is a false assessment of damages, due to their request for "further relief as the Court deems proper," which includes an unspecified amount of damages in the form of a loan modification that reduces the principal balance of the loan, reduces the interest rate of the loan, and waives all fees and fines incurred to date. *Opp*. 3:8-14. Defendant asserts that the damages sought by Plaintiffs "could never be awarded in an amount for less than $75,000." *Id*. 3:8-10. Specifically, Defendant calculates the loan reduction that Plaintiffs will seek to be approximately $95,000; the reduction in interest to be approximately $272,922.80; and the waiver of fees and penalties to be approximately $38,816.36. *Id*. 5:16-6:20. Defendant also argues that remanding the case back

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16 (03/09/15)
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2455 PSG (PLAx) | Date | March 4, 2015 |
|---|---|---|---|
| Title | Mary Herrera, *et al.* v. U.S. Bank Home Mortgage, *et al.* | | |

to state court would be tantamount to Plaintiffs amending their complaint to reduce the amount in controversy to avoid federal jurisdiction. *Id*. 2:19-3:3.

Plaintiffs respond that they have properly limited their recovery from all possible sources to no more than $75,000. *Reply* 3:13-16. Plaintiffs contend that they have the right to do so as masters of their complaint, and that this limitation prevents this Court from having diversity jurisdiction. *Id*. 2:13-17. Plaintiffs state after each cause of action throughout their complaint that they are seeking "a combined total recovery from all causes of action and all manner of recovery – including general damages, special damages, and any other compensation or disgorgement – of no more than a total of $75,000.00," including the monetary value of any non-monetary items sought or awarded. *Id.* 3:4-12.

Plaintiffs expressly wish to avoid federal jurisdiction by limiting their claims to less than the jurisdictional amount. Plaintiffs, as "masters of their complaint," are entitled to do just that. Though Plaintiffs' claims could potentially result in an award worth more than $75,000, Plaintiffs have opted to sue for less than that amount. This Court holds that Plaintiffs' award limitation is proper and precludes federal jurisdiction.

Further, the Court is not convinced by Defendant's argument that remanding the action to state court would be tantamount to Plaintiffs' amending their complaint to avoid federal jurisdiction. This is an entirely separate action from any previous suit filed by Plaintiffs, and Plaintiffs have not amended their complaint in this case.

Thus, the Court REMANDS the case to Riverside County Superior Court.

Defendant requests that this Court, in the event of remand, order Plaintiffs to enter into a stipulation that "*all* potential recovery in this case, *including a reduction of the principal, interest rate, and waiver of fees*, shall not exceed $75,000 total." *Notice of Removal* 4 fn. 3 (emphasis in original). This Court concludes that Plaintiffs' limiting language in their complaint, motion for remand, and reply, is sufficient to show that Plaintiffs have bound themselves to total recovery of no more than $75,000.[1]

Plaintiffs request an award of attorney's fees, pursuant to 28 U.S.C. §§ 1446 and 1927 and the Court's inherent authority. *Reply* 8:6-9. Section 1447(c) authorizes courts to "award attorney's fees ... where the removing party lacked an objectively reasonable basis for seeking

---

[1] Plaintiffs agree that they have already made this requested stipulation by asserting that they seek "a combined total recovery from all causes of action and all manner of recover … of no more than a total of $75,000.00" in their complaint. *Reply* 4:25-5:1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16 (03/09/15)
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2455 PSG (PLAx) | Date | March 4, 2015 |
|---|---|---|---|
| Title | Mary Herrera, *et al.* v. U.S. Bank Home Mortgage, *et al.* | | |

removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court does not conclude that Defendant lacked an objectively reasonable basis for removal. Section 1927 creates liability for "excess costs, expenses, and attorneys' fees" on any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The Court concludes that Defendant did not unreasonably or vexatiously file its Notice of Removal, and thus declines to award attorney's fees.

IV.   Conclusion

   For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand. This case is hereby remanded to Riverside County Superior Court.

   **IT IS SO ORDERED.**